**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Christian Liam Schenk,

Defendant.

Case No. 0:26-cr-00174-SRN-SGE

**DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

Defendant Christian Liam Schenk, through counsel, moves under Federal Rules of Criminal Procedure 12(b)(1) and 12(b)(3)(B)(i), (iii), and (v) to dismiss the Indictment (Dkt. 1), which charges one count of making a false claim of citizenship in order to register to vote and to vote, in violation of 18 U.S.C. § 1015(f) (Count 1), and one count of voting by an alien, in violation of 18 U.S.C. § 611 (Count 2). The grounds for the motion, set out in the accompanying memorandum of law, are as follows.

**1.** Count 2: Section 611 exceeds Congress's enumerated powers as applied. Section 611 prescribes a qualification for voting in federal elections. The Constitution ties the qualifications of voters in congressional elections to those each State sets for its own legislative electors, U.S. Const. art. I, § 2, cl. 1; id. amend. XVII, commits the manner of appointing presidential electors to the state legislatures, id. art. II, § 1, cl. 2, and withholds from Congress the power to prescribe who may vote. *Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 16–17 (2013). No enumerated power, including the Elections Clause, the naturalization and immigration powers, the Necessary and Proper Clause, and the enforcement clauses of the Fourteenth and Fifteenth Amendments, authorizes Congress

to prescribe a citizenship qualification for voting in an election conducted by the State of Minnesota. *Oregon v. Mitchell*, 400 U.S. 112 (1970), produced no majority rationale and, under the Eighth Circuit's approach to fractured decisions, binds only as to its result. Section 611 is therefore unconstitutional as applied to the vote alleged in Count 2, which was allegedly cast in an election conducted by the State of Minnesota under qualifications set by the Minnesota Constitution and the Minnesota Legislature. *See United States v. Cox*, No. 0:25-cr-60249-DSL, ECF No. 64 (S.D. Fla. Oct. 1, 2026), 2026 WL 2948729 (dismissing § 611 charge as applied), *appeal docketed*, No. 26-13597 (11th Cir. Oct. 5, 2026).

**2.** Count 2: a signature on a polling-place roster is not a "vote." Section 611 makes it unlawful for an alien "to vote." The only act the government's records identify as the vote is Mr. Schenk's signature on an electronic poll-book roster at 10:14:57 a.m. on November 5, 2024 (CLS_00000583); the Statewide Voter Registration System "voting history" entry on which the government relies bears the source notation "Roster" (CLS_00000584); and no record in the production shows that a ballot was issued to or cast by Mr. Schenk. "Vote" in § 611 carries its ordinary meaning, to cast a ballot. Congress distinguished registration-stage conduct from voting in the companion provision enacted in consecutive sections of the same Act, 18 U.S.C. § 1015(f) ("in order to register to vote or to vote"), and Minnesota law treats the person who signs the roster as an "applicant" who is "seeking to vote," receives a receipt, and is "thereupon" handed a ballot, Minn. Stat. § 204C.10(a), (d) (2024), and, for purposes of proving a violation of its unlawful-voting section, treats the signature as "prima facie evidence of the intent of the individual to vote,"

*id.* § 204C.14, subd. 2. *See Kimani v. Holder*, 695 F.3d 666, 671 (7th Cir. 2012) ("even if registration to vote were the same as voting—it isn't, and § 611(a) deals only with voting"). The meaning of "vote" is a question of law the Court can decide without a trial. If the government's theory is that the roster signature is the vote, Count 2 fails to state an offense; in any event, Mr. Schenk asks the Court to hold that § 611 requires proof that a ballot was cast, leaving whether the evidence proves that act for trial.

**3.** Count 1: lack of specificity and failure to state an offense. Count 1 charges that Mr. Schenk "knowingly made a false statement and claim that he was a citizen of the United States, in order to register to vote and to vote," on or about November 5, 2024, without identifying the statement, its form, its recipient, or the document in which it was made. The false statement is the entire substance of a § 1015(f) offense. Where "guilt depends so crucially upon such a specific identification of fact," an indictment "must do more than simply repeat the language of the criminal statute"; "it must descend to particulars." *Russell v. United States*, 369 U.S. 749, 764–65 (1962); *Hamling v. United States*, 418 U.S. 87, 117–18 (1974). The government's records place the registration on September 12, 2024 (CLS_00000586), redact every field showing its source (CLS_00000585), contain no application or statement of citizenship by Mr. Schenk in connection with it, and state the government's theory as an inference that registration "would have required him to falsely claim U.S. citizenship" (CLS_00000002), an inference that does not follow under Minnesota's automatic-registration statute, under which a registration need not involve any statement by the registrant, Minn. Stat. § 201.161, subds. 1, 3, 7 (2024). The count does not say whether it rests on that registration, on the polling-

place certificate of November 5, 2024 (CLS_00000583), or on something else. The government has stated its opposition to a bill of particulars, which remains pending (Dkt. 24–26). Count 1 should be dismissed under Rule 12(b)(3)(B)(iii) and (v).

**4.** Count 1: duplicity (in the alternative). Conjunctive pleading of the two statutory purposes is not itself duplicitous. But if the government relies on one statement in connection with the September 12, 2024 registration and another at the polling place on November 5, 2024, Count 1 joins two distinct offenses in one count. Fed. R. Crim. P. 12(b)(3)(B)(i); *United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997). Mr. Schenk asks, in the alternative to dismissal, that the government be required to elect the statement on which it will proceed and that the jury be instructed that it must unanimously agree on a particular statement.

**5.** Leave to supplement. The government has not produced the subpoena issued on or about March 31, 2026, the subpoena to which the Hennepin County Election Office responded on September 10, 2026, the complete returns, the remainder of the certified Department of Public Safety record of which CLS_00000014 is "Page 10 of 26," the unredacted voter record, or any grand jury material, all requested on October 23, 2026, and the motion for a bill of particulars remains pending. Mr. Schenk requests leave under Rule 12(c)(3) to supplement or amend this motion within fourteen days after that material is produced or the government discloses a theory of either count different from those addressed in the memorandum.

**6.** Procedure. Grounds 1 and 2 present questions of law that the Court can decide without a trial of the general issue; they depend on the constitutional text, the statutory text,

and precedent, not on what Mr. Schenk knew or did, and Ground 2 asks the Court to construe the statute, not to weigh evidence. Fed. R. Crim. P. 12(b)(1); *United States v. Grubb*, 135 F.4th 604, 607 (8th Cir. 2025). Ground 3 presents a question on the face of the Indictment; Ground 4 preserves the conditional election and unanimity objection that arises if the government identifies more than one statement. Mr. Schenk requests oral argument at the motions hearing set for November 23, 2026 (Dkt. 18 § V; Dkt. 23). No evidentiary hearing is requested on this motion.

This motion is based on the accompanying memorandum of law, the Declaration of Nico Ratkowski and the exhibits attached to it, the files and records of this case, and any argument the Court may permit. A proposed order is submitted with this motion. Pursuant to D. Minn. LR 12.1(b) and Section IV of the Court's Pretrial Scheduling and Case Management Order (Dkt. 18), a meet-and-confer statement is filed with this motion.

WHEREFORE, Mr. Schenk respectfully requests that the Court dismiss Count 2 on the ground that 18 U.S.C. § 611 exceeds Congress's enumerated powers as applied to the vote alleged; hold that "vote" in § 611 means the casting of a ballot and, if the government relies on the roster signature as the vote, dismiss Count 2 on that ground as well, or otherwise hold that the government must prove at trial that a ballot was received and cast; dismiss Count 1 for lack of specificity and failure to state an offense, or in the alternative require the government to elect the statement on which it will proceed; and grant leave to supplement as requested in paragraph 5.

Dated: October 30, 2026

Respectfully submitted,

RATKOWSKI LAW PLLC

/s/ Nico Ratkowski
Nico Ratkowski (Atty. No. 0400413)
332 Minnesota Street, Suite W1610
Saint Paul, MN 55101
P: (651) 755-5150
E: nico@ratkowskilaw.com

Attorney for Defendant