**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Christian Liam Schenk,

Defendant.

Case No. 0:26-cr-00174-SRN-SGE

**DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY MATERIALS (WITH INCORPORATED MEMORANDUM OF LAW)**

Defendant Christian Liam Schenk, through counsel, moves under Federal Rule of Criminal Procedure 6(e)(3)(E)(i) and (ii), Rules 12(h) and 26.2, 18 U.S.C. § 3500(e)(3), and the Court's Brady and pretrial orders (Dkts. 17, 18) for an order authorizing and directing the United States to disclose the grand jury materials identified in paragraph 3. In the parties' meet-and-confer on October 30, 2026, the government advised that it intends to produce these materials and asked that this motion be filed so that an order may issue and any later dispute over production can be avoided. Because Rule 6(e)(2)(B) binds attorneys for the government to secrecy absent an order under Rule 6(e)(3), Mr. Schenk files this motion so that the Court may authorize the disclosure and set a date for it. The request overlaps the relief sought in paragraphs 3 and 6 of Mr. Schenk's Motion to Suppress Evidence and Statements, filed today; it is stated separately here so that the Court may rule on it before the November 23, 2026 hearing.

## Background

1. The government's records show that grand jury process was used in the investigation that produced this case, and that its returns may have been used to select

targets for civil immigration enforcement. Records released by U.S. Immigration and Customs Enforcement under the Freedom of Information Act show that Homeland Security Investigations St. Paul opened case MS17HR26MS0006, "Minnesota Voter Fraud," on February 6, 2026 ("Currently reviewing GJ return data for target identification/presentation") and case MS17HR26MS0010, "Hennepin County Voter Fraud," on February 17, 2026, with the "[a]nticipated activity" of "issuance of GJ subpoenas for voter records, review of voter registration data, interviews of targets," and that HSI later "referred 20 targets to USCIS for administrative subpoenas of voter records." (Ratkowski Decl. Ex. B at 005, 008–009.) Mr. Schenk's Form I-213 states that "[o]n or about March 31, 2026, a subpoena was issued to the state of Minnesota Secretary of State" for his voter records, and an HSI report dated September 30, 2026 states that on September 10, 2026 the "Hennepin County Election Office responded to a subpoena" with his voting history. (CLS_00000233, 545.) The government has not produced either subpoena or either return, and has not said whether either was a grand jury subpoena. In a companion removal case arising from the same HSI investigation, the Department of Homeland Security has produced a U.S. Citizenship and Immigration Services administrative subpoena for voter records dated July 22, 2026, four months after the subpoena recited on both respondents' Forms I-213. (Ratkowski Decl. ¶¶ 4–5; Ex. C at 001.)

2. By letter dated October 23, 2026, Mr. Schenk requested the subpoenas, their returns, and the related grand jury materials. (Ratkowski Decl. ¶ 8.) On October 30, 2026, counsel conferred by telephone; the government stated that it intends to produce the materials and asked that this motion be filed. (Meet-and-Confer Statement.)

## Materials Requested

3. Mr. Schenk requests an order authorizing and directing disclosure to defense counsel of the following, to the extent they exist:

(a) each grand jury subpoena issued in 2026 to the Minnesota Secretary of State, or to any Minnesota county or municipality, for voter registration or voting records, insofar as it sought or produced records concerning Mr. Schenk or the list or data from which he was identified as a subject of investigation, together with the date of its issuance and service and the return insofar as it concerns Mr. Schenk;

(b) any transcript of grand jury testimony, and any exhibit presented to the grand jury, describing how Mr. Schenk's voter records were obtained, how he was identified as a subject of investigation, the subpoenas and returns described in paragraph 1, or his statements of August 13, 2026;

(c) the notices filed with the Court under Rule 6(e)(3)(B) identifying the government personnel to whom grand jury matter from this investigation was disclosed, including any personnel of HSI, ICE, USCIS, or the Department of Homeland Security, and any order entered under Rule 6(e)(3)(E) authorizing disclosure of such matter; and

(d) any record of the disclosure of grand jury matter to USCIS or HSI in connection with the issuance of administrative subpoenas for voter records, the referral of "targets" for such subpoenas, or the initiation of removal proceedings against Mr. Schenk or other subjects of HSI cases MS17HR26MS0006 and MS17HR26MS0010.

4. Mr. Schenk asks that the disclosure be made by November 13, 2026, the production date proposed in his Motion to Suppress, so that the materials may be used at the hearing set for November 23, 2026 (Dkt. 18 § V; Dkt. 23), and he consents to reasonable restrictions on further dissemination. In the alternative, as to any item the government contends should not be disclosed, Mr. Schenk asks that the material be lodged for in camera review.

## Argument

5. *Rule 6(e)(3)(E)(ii).* The Court may authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment

because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). The showing required is one of "particularized need." *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994); *see United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958). A "bare allegation" that grand jury records are needed to look for a defect does not suffice, *United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994), but that is not this motion. The ground that may exist is specific and is drawn from the government's own records: that grand jury subpoenas were used to obtain voter data that the State had lawfully refused to give the Department of Justice, and that the returns were then used, outside the grand jury's purpose, to select targets for civil immigration enforcement, including the administrative subpoenas, administrative arrest, and interview that produced the statements the government intends to use against Mr. Schenk. Grand jury matter may be disclosed to government personnel only to assist "that attorney's duty to enforce federal criminal law," Fed. R. Crim. P. 6(e)(3)(A)(ii), (B); "[a]ny such use of grand jury proceedings to elicit evidence for use in a civil case is improper per se," *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 432–33 (1983); *see United States v. Baggot*, 463 U.S. 476, 480 (1983); and a subpoena "may be quashed if its 'dominant' purpose is improper, even if it was issued partly for valid reasons," *In re Grand Jury Subpoenas*, 835 F. Supp. 3d 947, 954 (D. Minn. 2026) (citing *United States v. Wadlington*, 233 F.3d 1067, 1074 (8th Cir. 2000)). Mr. Schenk recognizes that dismissal on such a ground requires a showing of prejudice, *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254–56 (1988); *Wadlington*, 233 F.3d at 1073–74, and he does not ask the Court to decide that question now. He asks for the disclosure that would permit it to be decided, which is what Rule 6(e)(3)(E)(ii) provides.

6. *Rule 6(e)(3)(E)(i).* The Court may also authorize disclosure "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). The suppression hearing in this case is such a proceeding: the Court must determine how the voter records were obtained, for what purpose the administrative process that followed was used, and whether the statements of August 13, 2026 are fruits, and the materials requested are the only direct evidence of the first of those questions. The standard is the one stated in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979): the party seeking disclosure must show "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *See Sells Eng'g*, 463 U.S. at 443. Each element is met. The materials go to contested facts that the government alone can establish and that bear directly on the admissibility of its principal evidence. The interests in secrecy are at their lowest: the grand jury has returned the indictment, and "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification," *Douglas Oil*, 441 U.S. at 223; *see Butterworth v. Smith*, 494 U.S. 624, 632–33 (1990); the subpoena recipients are under no obligation of secrecy, Fed. R. Crim. P. 6(e)(2)(A); the government has itself disclosed the existence of both subpoenas (CLS_00000233, 545); and the government has stated that it intends to produce the materials. The request is confined to the subpoenas, returns, testimony, and disclosure records that concern Mr. Schenk and the process by which he was identified; it does not

seek the grand jury's deliberations, votes, or any matter concerning other targets beyond the list from which he was drawn.

7. *Rules 12(h) and 26.2; 18 U.S.C. § 3500.* Independently of Rule 6(e)(3)(E), the grand jury testimony of any witness the government calls at the suppression hearing is a "statement" that must be produced after the witness testifies on direct examination. Fed. R. Crim. P. 26.2(a), (f)(3) (a "statement" includes "the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement"); Fed. R. Crim. P. 12(h) (Rule 26.2 applies at a suppression hearing); 18 U.S.C. § 3500(e)(3). Because the agents who obtained the records and conducted the interview are the witnesses whose testimony the hearing will require, production before the hearing of the grand jury testimony requested in paragraph 3(b) will avoid a recess for production and review on November 23.

8. *The government's position.* The government has stated that it intends to produce the materials and asked that this motion be filed. An order will permit the government to make the disclosure consistently with Rule 6(e)(2)(B), fix a date that precedes the hearing, and resolve now any question about the scope of the disclosure, so that the parties need not return to the Court if a dispute arises.

This motion is based on the files and records of this case, the Declaration of Nico Ratkowski and the exhibits attached to it (filed with Mr. Schenk's Motion to Dismiss and Motion to Suppress), and the accompanying meet-and-confer statement. A proposed order is submitted with this motion.

WHEREFORE, Mr. Schenk respectfully requests that the Court enter an order under Fed. R. Crim. P. 6(e)(3)(E)(i) and (ii) authorizing and directing the United States to disclose to defense counsel, by November 13, 2026, the materials identified in paragraph 3, subject to such restrictions on further dissemination as the Court deems appropriate, and, as to any item the United States contends should not be disclosed, directing that it be lodged for in camera review.

Dated: October 30, 2026

Respectfully submitted,

RATKOWSKI LAW PLLC

/s/ Nico Ratkowski
Nico Ratkowski (Atty. No. 0400413)
332 Minnesota Street, Suite W1610
Saint Paul, MN 55101
P: (651) 755-5150
E: nico@ratkowskilaw.com

Attorney for Defendant