UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 26-174 (SRN/SGE)

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTIAN LIAM SCHENK,

Defendant.

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS**

The United States of America, by and through its undersigned attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Joseph S. Teirab, First Assistant United States Attorney, respectfully submits its consolidated response to the pending pretrial motions of the defendant, Christian Liam Schenk.

## BACKGROUND

On September 24, 2026, Schenk was charged by indictment with one count of making a false claim of citizenship in order to vote, in violation of 18 U.S.C. § 1015(f) (Count 1) and one count of voting by alien, in violation of 18 U.S.C. § 611 (Count 2). ECF 1.

## RESPONSE TO MOTIONS

### 1. <u>Government's Response to Schenk's "Motion for Bill of Particulars" (ECF No. 24)</u>.

Schenk moves the Court for an order compelling the United States to file a bill of particulars. The government opposes this motion. The indictment in this case fully complies with Fed. R. Crim. P. 7(c)(1) in that it contains a "plain, concise, and definite written statement of the essential facts constituting the offense charged." *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007). "[T]he standard for judging the sufficiency of an indictment is whether it first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982).

A bill of particulars is not intended to be a tool for discovery. *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990); *United States v. Hill,* 589 F.2d 1344, 1352 (8th Cir.), *cert. denied*, 442 U.S. 919 (1979). Instead, it should be ordered only when necessary to inform the defendant of the charges against him with sufficient clarity to enable him to prepare his defense, to minimize the element of surprise at trial, or to enable him to protect himself against a second prosecution for an inadequately described offense. *United States v.*

*Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991); *United States v. Miller*, 543 F.2d 1221, 1224 (8th Cir. 1976).

Here, Count 1 of the indictment provides that "[o]n or about November 5, 2024, in the State and District of Minnesota, the defendant, Christian Liam Schenk, an alien, knowingly made a false statement and claim that he was a citizen of the United States, in order to register to vote and to vote in a Federal, State and local election, in violation of Title 18, United States Code, Section 1015(f)." ECF 1. Count 2 provides that "[o]n or about November 5, 2024, in the State and District of Minnesota, the defendant, Christian Liam Schenk, an alien, fully knowing that he was not a United States citizen, did knowingly vote in an election held in part for the purpose of electing a candidate for President, Vice President, United States Senator, and Member of the House of Representatives, in violation of Title 18, United States Code, Section 611." The indictment sets forth a full and complete description of the crime charged as well as the date for which Schenk is alleged to have committed that crime.

The United States has liberally provided detailed discovery to Schenk. Accordingly, because the indictment and detailed discovery provided to Schenk together afford more than enough information to understand the charge and prepare a defense, a bill of particulars is not warranted. *See United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (holding that the indictment and disclosures obviated the need for a bill of particulars).

2. **Government's Response to Schenk's "Motion for Disclosure of Grand Jury Materials" (ECF No. 29).**

Schenk moves the Court to for an order compelling the government to produce grand jury materials. Without conceding admissibility or discoverability, the government has produced, as Jencks and Rule 26.2 material, the grand jury transcript and grand jury subpoenas that relate to this case. Accordingly, this motion should be denied as moot.

3. **Government's Response to Schenk's "Motion to Suppress Evidence and Statements" (ECF No. 28, 31).**

Schenk has moved the court for an order suppressing statements made by him on August 13, 2026. ECF 31 at 25. Without conceding admissibility or constitutionality, the United States will not use, in its case-in-chief, any statements made by the defendant to investigators on August 13, 2026, but it reserves the right to use any such statements as impeachment. *See United States v. Patane*, 542 U.S. 630, 639 (2004) (holding that "statements taken without *Miranda* warnings (though not actually compelled) can be used to impeach a defendant's testimony at trial"); *Harris v. New York*, 401 U.S. 222, 225-26, 91 S. Ct. 643, 645-46 (concluding that unwarned but voluntary statement may be used for impeachment); *Houston v. Lockhart*, 866 F.2d 264, 267 (8th Cir. 1989). Accordingly, with regard to the defendant's statements, the motion to suppress should be denied as moot.

Although it is at least slightly unclear from his motion, Schenk appears to have moved the court to suppress USCIS records, voting records, voter registration information, and other records the government has produced to Schenk in discovery for which it obtained through administrative and grand jury subpoenas. Schenk concedes that he "bears the initial burden of showing a personal expectation of privacy as to any Fourth Amendment claim concerning the records … [and, regarding records obtained through grand jury subpoenas,] a threshold showing of improper purpose as to any grand-jury claim …." ECF 31 at 12.

The government opposes Schenk's motion. The motion lacks any merit. Schenk has no standing. Nor does Schenk allege anything resembling standing. He fails to meet the initial burden that he concedes applies here: an expectation of privacy or improper use of the grand jury. Schenk had no expectation of privacy in the records he apparently seeks to suppress: the records which were in the custody and control of the United States government or Minnesota state government. *See, e.g., United States v. Bowley*, 435 F.3d 426, 430-431 (3d Cir. 2006) (no expectation of privacy in immigration file); *United States v. Peneda-Chinchilla*, 712 F.2d 942, 944 (5th Cir. 1983) (same).

Schenk concedes that officers can lawfully issue subpoenas for use in criminal and civil investigations. *See* ECF 31 at 14. An immigration officer may "require by subpoena . . . the production of books, papers, and documents

relating to the privilege of any person to enter, reenter, reside in, or pass through the United States or concerning any matter which is material and relevant to the enforcement of this chapter and the administration of the Service." 8 U.S.C. § 1225(d)(4)(A). Additionally, specified officers may issue subpoenas "for use in criminal or civil investigations," on Form I-138. 8 C.F.R. § 287.4(a)(1), (b). Importantly, Schenk concedes "that unlawful voting is a ground of removability, 8 U.S.C. § 1227(a)(6), so that a subpoena for voting records can in principle serve a genuine immigration purpose, and that administrative process may be used where civil and criminal purposes coexist, so long as the agency acts in good faith within its own authority." ECF 31 at 14. (citation omitted).

He has made no showing with respect to the grand jury process or that it was in any way improper. Schenk does not and cannot demonstrate any basis for suppression. Therefore, his motion should be denied.

Schenk has also not met the burden for an evidentiary hearing which he cites in his own motion:

> "Evidentiary hearings need not be set as a matter of course, but if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question, an evidentiary hearing is required."

*United States v. Losing*, 539 F.2d 1174, 1177 (8th Cir. 1976).

Schenk's moving papers are not "sufficiently definite, specific, detailed, and nonconjectural." It is unclear which records he believes should be suppressed, and, at bottom, he cannot show standing. An evidentiary hearing is unnecessary.[1]

## CONCLUSION

The government respectfully asks this Court to enter an Order consistent with the government's responses.

Dated: November 13, 2026

DANIEL N. ROSEN
United States Attorney

*/s/ Joseph S. Teirab*

BY: JOSEPH S. TEIRAB
First Assistant U.S. Attorney

[1] Out an abundance of caution, the United States will file a notice of intent to call a witness for the motions hearing.